Tabak Mellusi & Shisha LLP
Attorneys for Plaintiffs
29 Broadway
New York, NY 10006
Tel. (212) 962-1590
Fax. (212 385-0920

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Eufronio Jollado Baduria and Daniel Llagas, Individually and on behalf of all persons similarly situated, *Plaintiffs* | : : : | **CLASS ACTION COMPLAINT** Case No: |
|  | : |  |
|  | : | JUDGE: |
| vs. | : | MAGISTRATE: |
| SEALIFT HOLDINGS, INC., SEALIFT, INC., SEALIFT INC. OF DELAWARE, BLACK EAGLE SHIPPING, LLC FORTUNE MARITIME, LLC, SAGAMORE SHIPPING, LLC, SEALIFT LLC, SEALIFT TANKSHIPS, INC., and REMINGTON SHIPPING, INC. *Defendants* | : : : : : | PLAINTIFFS DEMAND TRIAL BY JURY |

**CLASS ACTION COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Eufronio Jollado Baduria and Daniel Llagas ("Plaintiffs"), individually and on behalf of a class of persons similarly situated, who aver as follows:

## PARTIES

1.

Plaintiffs and putative class representatives Eufronio Jollado Baduria and Daniel Llagas ("Plaintiffs") are citizens of the Republic of the Philippines.

2.

Made Defendants herein are:

i. Sealift Holdings, Inc., is a foreign corporation registered to do business in the state of New York, and is domiciled at 68 West Main Street, Oyster Bay, New York, 11771;

ii. Sealift Incorporated, as the registered owner of the M/V HARRIETTE, the M/V CAPT STEVEN L. BENNETT, is a New York corporation registered to do business in the state of New York, and is domiciled at 68 West Main Street, Oyster Bay, New York, 11771;

iii. Sealift Inc. of Delaware, is a foreign corporation not registered to do business in the state of New York, and is domiciled at 68 West Main Street, Oyster Bay, New York, 11771;

iv. Black Eagle Shipping, LLC, the registered owner of the M/V BLACK EAGLE, is a foreign limited liability company, with none of its members being citizens or residents of the Philippines, is not registered to do business in the state of New York, and is domiciled at 68 West Main Street, Oyster Bay, New York, 11771;

v. Fortune Maritime, LLC, the registered owner of the M/V SSG EDWARD A. CARTER, JR. and the M/V ADVANTAGE, is a foreign limited liability company, with none of its members being citizens or residents of the Philippines, is not registered to do business in the state of New York, and is domiciled at 68 West Main Street, Oyster Bay, New York, 11771;

vii. Sagamore Shipping, LLC, the registered owner of the M/V CAPT DAVID I. LYON, is a foreign limited liability company, with none of its members being citizens or residents of the Philippines, is not registered to do business in the state of New York, and is domiciled at 68 West Main Street, Oyster Bay, New York, 11771;

    viii.    Sealift, LLC, the registered owner of the M/V CAPT STEVEN L. BENNETT, is a foreign limited liability company, with none of its members being citizens or residents of the Philippines, is not registered to do business in the state of New York, and is domiciled at 68 West Main Street, Oyster Bay, New York, 11771;

    ix.    Sealift Tankships, LLC, the registered owner of the M/V LTC JOHN U.D. PAGE, is a foreign limited liability company, with none of its members being citizens or residents of the Philippines, is not registered to do business in the state of New York, and is domiciled at 68 West Main Street, Oyster Bay, New York, 11771; and,

    x.    Remington Shipping, LLC the registered owner of the M/V MAJ BERNARD F. FISHER is a foreign limited liability company, with none of its members being citizens or residents of the Philippines, is not registered to do business in the state of New York, and is domiciled at 68 West Main Street, Oyster Bay, New York, 11771

3.

The ships identified in "2. ii to "x" herein above are hereinafter sometimes referred to as the "Sealift Fleet" and/or the "Sealift Vessels." At all times relevant herein, July 11, 2006 through the present, each and every Sealift Vessel identified herein was registered in the United States of America and flew/flies the American flag.

## JURISDICTION AND VENUE

4.

On information and belief: the amount in controversy, for each member of the putative class, exclusive of interests and costs, is in excess of $75,000.00, and the citizenship of Plaintiffs is diverse from the citizenship of all Defendants. This Court, therefore, has jurisdiction of this matter under 28 U.S.C. § 1332.

5.

In addition to diversity jurisdiction, this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, because the resolution of one or more of the causes of

action set forth herein necessarily depend upon an interpretation, construction, and/or application of federal law, as recognized by *Merrell Dow Pharmaceutical, Inc. v. Thompson,* 478 U.S. 804,106 S. Ct. 3229, 92 L Ed. 2d 650 (1986); *Smith v. Kansas City Title Trust Co.,* 255 U.S. 180, 65 L Ed. 2d 577, 41 S.Ct. 243 (1921); and, *American Mill Works Co. v. Layne Y. Hower Company,* 241 U.S. 257, 36 S. Ct. 585, 60 L. Ed. 987 (1916), and because other questions of federal jurisdiction are implicit in the allegations of this Complaint.

6.

To the extent necessary, the Court may and should exercise subject matter jurisdiction over any non-federal claims under its supplemental, pendant and/or ancillary jurisdiction, as set forth in 28 U.S.C. § 1367.

7.

Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 as Defendants are doing business within this District.

**GENERAL ALLEGATIONS**

8.

**i.     Defendants Are a Single Business Entity**

Plaintiffs aver that Defendants (also sometimes referred to herein as "the Sealift Defendants") are a single business entity and enterprise.

9.

Sealift, Inc., founded in 1975, is a privately held shipping company located at 68 West Main Street, Oyster Bay, New York, 11771. There are four owners and principal executives of Sealift Inc.: John Raggio as Chairman and Chief Executive Officer, Ragnar Knutsen, Alan Alder, and Fred Isaksen.

10.

Defendant Sealift Holdings, Inc., founded in 1986, is also located at 68 West Main Street, Oyster Bay, New York, 11771. Sealift Holdings, Inc. operates as a shipping company and offers deep sea freight transportation. The board of directors of Sealift Holdings, Inc. consists of executives from party Sealift Inc., including Alan Adler as its president. Defendant Sealift Holdings, Inc. is the parent company to Defendant Sealift Inc. of Delaware and each limited liability company Defendant identified herein. Defendant Sealift Holdings, Inc. is also the parent company to its wholly-owned subsidiaries that own the vessels used by Defendants Sealift Holdings, Inc., Sealift, LLC and Sealift Inc. of Delaware, in the performance of United States Government work.

11.

There is an agency agreement between Sealift, Inc. and Sealift Holdings, Inc. whereby Sealift, Inc. is in charge of providing Sealift Holdings, Inc. and its subsidiaries full agency service for, among other things, all the vessels owned, chartered, operated and/or controlled by Sealift Holdings, Inc. at ports within the United States and Worldwide load and discharge ports.

12.

Defendant Sealift Inc. of Delaware, whose parent company is Sealift Holdings, is also located at 68 West Main Street, Oyster Bay, New York, 11771. The Defendant Sealift Inc. of Delaware operated as a shipping company and offered deep sea freight transportation.

13.

Based upon information and belief, no Annual Report has been filed by Sealift Inc. of Delaware with the State of Delaware since 2004 and it no longer exists as a Delaware corporation as it was merged with and became Defendant Sealift, LLC, yet it has continued to respond to solicitations from, and has been awarded work by, the United States Department of Defense through the Military Sealift Command. The board of directors of Defendant Sealift Inc. of Delaware, as well as the managers and members of Defendant Sealift, LLC, consist of executives from Sealift Holdings, Inc., Alan Adler as its president and chief executive officer and John Raggio as its principal point of contact.

14.

Parties Black Eagle Shipping, LLC, Fortune Maritime, LLC, Sagamore Shipping, LLC, Sealift, LLC, Sealift Tankships, LLC, and Remington Shipping, LLC, each and all list their addresses as "Care of Sealift, Inc., 68 West Main Street, Oyster Bay, New York, 11771." These limited liability companies are referred to by Sealift Holdings, Inc. as the "vessel-owning companies." The vessel-owning companies are wholly-owned subsidiaries of Sealift Holdings, Inc. At all times relevant to these proceedings, Sealift Inc. provided management services to Defendant Sealift Holdings, Inc., Sealift, LLC and Sealift Inc. of Delaware for the vessels identified herein.

15.

The members and managers of these vessel-owning companies consist of executives from Defendants Sealift Holdings, Inc. and Sealift Inc.

16.

Because of the intermingling of corporate officers and directors between and among Sealift Holdings, Inc., Sealift Inc. of Delaware, Sealift, LLC and the wholly-owned limited liability companies known as the vessel-owning companies, actions taken by or on behalf of the wholly-owned subsidiaries were also taken with the knowledge, approval, and control of the parent company, Sealift Holdings, Inc. Accordingly, to the extent the wholly-owned subsidiaries or related corporations are liable for violations detailed herein of the United States Shipping Act, including 46 U.S.C. §§ 8106, 8701, 10302, 11107, and 10313, Defendant Sealift Holdings, Inc. should also be liable for those violations.

17.

**ii.** **Claims of Plaintiff and the Putative Class Members**

Plaintiffs, individually and on behalf of others similarly situated, assert a cause of action against the Sealift Defendants pursuant to Title 46, Part F, Manning of Vessels, and Part G, Merchant Seaman Protection and Relief Act, including (46 U.S.C.A. §§ 10101-11507) for their violations, abuses and defiance of the provisions of 46 U.S.C. §§ 8106, 8701, and 10302. Plaintiffs and each member of the class they seek to represent were engaged contrary to a law of the United States, and, as such, each is entitled to the highest rate of pay from their respective port of engagement. 46 U.S.C. § 11107. Plaintiffs, individually and on behalf of the putative class, also assert a cause of action for Delay and Penalty Wages pursuant to 46 U.S.C. § 10313.

18.

Plaintiffs, Eufronio Jollado Baduria and Daniel Llagas, are citizens and domiciliaries of the Republic of the Philippines, and were employed as seamen on board the Sealift Vessels from July 11, 2006 to the present.

19.

Plaintiffs and the putative class members were neither citizens of the United States, nor aliens lawfully admitted to the United States for permanent residence, but were citizens of the Republic of the Philippines, Poland, and Kenya, and foreign seafarers on board the Sealift Vessels identified herein.

20.

Since July 11, 2006 to present date, Defendants have had Plaintiffs and other foreign national seafarers aboard the Sealift Vessels employed as "seafarers" working in the positions of "fitter", "electrician", and "kroo boys", respectively, while the Sealift Vessels were engaged in foreign voyages to foreign countries including South Korea, Japan, Africa, Singapore, the Canary Islands, and the atoll of Diego Garcia located in the Indian Ocean.

21.

Evidence of these foreign voyages and the work performed by Plaintiffs and the putative class members is in the possession of Defendants, including the relevant Crew Lists, Passenger Lists, Shore Party Lists, pay vouchers, pay records, employment contracts, rough and smooth engine department logs, rough and smooth deck department logs, and written and computer records and logs from the Master, First Mate, Chief Engineer, and First Officer which show that during all times relevant to this matter, Plaintiffs and the putative class members were engaged in foreign voyages to foreign countries including South Korea, Japan, Africa, Singapore, the Canary Islands, and the atoll of Diego Garcia located in the Indian Ocean.

22.

During all times relevant to these claims, Plaintiffs and the putative class members were employed as "seafarers" contrary to the provisions of 46 U.S.C. Section 8701 which requires that every "individual" serving on board a merchant vessel have a merchant mariner document. A merchant mariner document is issued by the Coast Guard to serve as a certificate of identification and service specifying each rating in which the holder is qualified to serve. The document must contain the signature, nationality, age, photograph, physical description and home address of the seaman. 46 U.S.C. §§ 7302, 7303 and 8701.

23.

Under the plain language of the statute, the requirements of Section 8701 apply to Plaintiffs and the putative class members as they are "individual[s] serving on board a vessel."

24.

During all times relevant to these claims neither Plaintiffs nor the putative class members employed as seafarers on vessels of the Sealift Fleet possessed merchant mariner's documents or were otherwise properly certificated as mandated by, and contrary to a law of the United States, 46 U.S.C.§ 8701.

25.

During all times relevant to these claims, while Plaintiffs and each putative class member seafarers were employed as seamen on vessels of the Sealift Fleet, none were allowed, required, or permitted by Defendants to sign Shipping Articles as mandated by, and contrary to a law of the United States, 46 USC § 10302.

26.

46 U.S.C. Section 10302 requires that before a voyage, the owner, master or individual in charge of the vessel execute a Shipping Articles agreement in writing with each seaman. 46 U.S.C. § 10302(a). Specifically, the Shipping Articles must contain: (1) the nature and duration of the intended voyage, including the port or country in which the voyage is to end; (2) the number, description, and duties of each seaman; (3) the time the seaman will begin work; (4) the amount of wages; (5) regulations about conduct; (6) the specific provisions to be provided; and (7) advances and allotments of wages. 46 U.S.C. § 10302(b). The plain language of the statute is mandatory in requiring that the Shipping Articles "shall" include the above elements.

27.

Shipping Articles are required by Plaintiffs and each putative class member seafarer and the Sealift Defendants, and there is insufficient compliance with the articles provision of 46 U.S.C. § 10302. It is averred that the Sealift Defendants did not provide Plaintiffs and the putative class member seafarers in question with Shipping Articles as required by statute. The Sealift Defendants violated the statutory requirements of Section 10302.

28.

Contrary to United States statutory law, and the General Maritime Law, and notwithstanding their obligations thereunder, the Sealift Defendants failed to make payments of the full wages due to Plaintiffs and the class they seek to represent.

29.

Plaintiffs, individually and on behalf of the putative class, assert a cause of action for Delay and Penalty Wages pursuant to 46 U.S.C. § 10313. By reason of the Sealift Defendants' refusal and neglect to pay Plaintiffs and the putative class of seafarers their

full balance of wages due without sufficient cause as mandated by 46 U.S.C. § 10313(f) and (g), Plaintiffs and each member of the class they seek to represent is entitled to two days' pay for every day of delay.

30.

Plaintiffs, individually and on behalf of the putative class members, bring these claims under 46 U.S.C. Section 11107, which expressly provides a remedy for a seaman who is employed "contrary to the laws of the United States." Plaintiffs claim that the remedy provided by Section 11107 is triggered by Defendants' failure to comply with the United States' statutes complained of herein.

31.

Because they have violated the laws, rules and regulations described above, the Sealift Defendants are required to pay Plaintiffs and the putative class members the highest rate of wages at the port from which each seaman was engaged. 46 U.S.C. § 11107. Plaintiffs claim the rate of wages is that of a person eligible to be employed aboard a U.S. flag vessel

32.

**ii.    Defendants Are Habitual Offenders**

Violating, abusing and defying specific provisions of the Seaman's Wage Act by the Sealift Defendants has been occurring since at least 1998. Between 1998 and 2005, the Sealift Defendants attempted to evade the requirements of the Seaman's Wage Act by mislabeling certain seafarers who were neither U.S. citizens nor aliens lawfully admitted to the United States as "sailing school students." Sailing school students were exempt from some requirements of the Seaman's Wage Act.

33.

In 2005, those "sailing school students" brought a civil class action against Sealift defendants in a proceeding pending in the Eastern District of New York titled *Dziennik et al. v. Sealift, Inc. et al.*, civil action number 05-CV-4659 (DLI)(MDG), alleging violations of 46 U.S.C. §§ 8103, 8701 and 10302 between January 1, 1998 and December 31, 2005. The court certified the class and granted summary judgment to the plaintiffs finding that the Sealift defendants had violated 46 U.S.C. §§ 8103, 8701 and 10302 between 1998 and 2005. The violations of these statutes triggered the remedy provided by 46 U.S.C. § 11107. The decisions by Magistrate Go found evidence of willful misconduct. *See also,* Judge Irizarry FN #7, Page 15 of Doc #125 (Dkt. No. 04-1244) "unlikely violations will occur again."

34

Plaintiffs aver the Sealift Defendants have never stopped trying to shirk the requirements of Title 46, Part F, Manning of Vessels and Part G of the Merchant Seaman Protection and Relief Act. Plaintiffs aver the Sealift Defendants' violations of Sections 8701 and 10302 have continued since December 31, 2005 through the present.

35.

Although the Sealift Vessels' masters, officers, and engineers hired plaintiffs and the putative class members as "seafarers", Sealift corporate officers continued to classify Plaintiffs and the putative class members as "contract labor" or "shipyard workers" and "supernumeraries" or something else. Sealift adopted this scheme in 2006 when the Seaman's Wage Act was amended to add 46 U.S.C. § 8106 which became effective on July 11, 2006. The amendments to the Seaman's Wage Act then provided that Section 8103(b) does not apply to "riding gang members." 46 U.S.C. § 8103(j). However, Plaintiffs and the putative class members were not

hired as "riding gang members" but as seafarers.

36.

Plaintiffs and the putative class members do not qualify as "riding gang members" because Section 8106(a) (1) (A) specifies that each riding gang member must be either a U.S. citizen, lawful permanent resident or possess a temporary United States nonimmigrant visa. 46 U.S.C. § 8106(a)(1)(A). Non-U.S. citizens or residents may be used as riding gang members only when United States citizens or residents are unavailable to complete the work and may not work more than 60 days in any calendar year. 46 U.S.C. § 8106(c) and (f). The 2006 amendments provide for a far more restrictive use of foreign riding gang members. Plaintiffs and the putative class members were each normally hired for a three (3) month period of time, normally with three (3) seafarers being hired at a time, which greatly exceeds the "sixty (60) day calendar year employment" set forth for a riding gang member in 46 U.S.C. § 8106(c).

37.

Plaintiffs show that the "contract labor/shipyard worker/supernumerary" ruse which began in 2006 and continues to the present is just a continuing effort by Sealift to skirt the requirements of Title 46. Plaintiffs will prove at the trial of this matter that they and the putative class members performed their work under the orders and directions of the Sealift Vessels' masters, chief engineers, and first officers for 12 hour per day, 7 days a week, at sea and in port.

38.

In an attempt to hide this illegal scheme, Sealift caused a Philippine Overseas Employment Contract to be executed between LOTS INTERNATIONAL, LTD. as the Employer. The Sealift Defendants are not a party to the contract, nor are the Sealift Defendants

mentioned in that employment contract in any way despite the fact that each Plaintiff did serve on Sealift-owned and Sealift-operated vessels.

39.

### iii. Defendants' Violations Are Continuing and Ongoing

This cause arises from the Defendants' continuing and ongoing violations of the Seaman's Wage Act as detailed herein. Defendants' violations commenced in 2006 and continue to the present. Plaintiffs aver the subject claims herein are tolled by reason of the "Continuing Wrong Doctrine" which applies to the statutory/regulatory violations claimed herein. The doctrine tolls the limitation period to the date of the commission of the last wrongful act. The wrongful acts complained of herein have not ceased since 2006. For example, a potential class member, Ulysis C. Pulumbarit, has been employed twenty (20) separate times by LOTS INTERNATIONAL, LTD. between July 11, 2006 and December 2018, serving on nine (9) separate Sealift Vessels.

40.

### iv. There Are No Contracts or Agreements of Any Kind

Plaintiffs affirmatively represent that they are not relying upon any written contract or written agreement of any kind in bringing or prosecuting the claims herein.

41.

Plaintiffs affirmatively represent that there are no contracts or agreements of any kind between Plaintiffs or the putative class members, and any Sealift Defendant.

42

Plaintiffs affirmatively represent that none of the Sealift Defendants are signatories to any contracts and agreements of any kind with Plaintiffs or members of the putative class.

43.

v. **<u>Class Action Allegations</u>**

Plaintiffs bring this matter as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for class certification.  This is an action brought by foreign seafarers employed aboard vessels owned, managed and operated by Defendants. Plaintiffs seek recovery of wages and overtime wages duly earned by Plaintiffs and members of the class that Defendants failed to pay in violation of law, particularly, the highest rate of pay mandated by 46 U.S.C. § 11107, also delay or penalty wages for violation of the Seaman's Wage Act, 46 U.S.C. §10313, and punitive damages, and/or other damage under any theory of recovery as the result of the ongoing and continuing violations of Title 46 of the United States Code, and the General Maritime Law of the United States.

44.

The class Plaintiffs seek to represent consists of those foreign national seafarers employed aboard the Sealift Vessels from and after July 11, 2006 to the date the Court's order of class certification becomes final and non-appealable.

45.

The requested class includes all persons, whether natural or juridical, as described above, but excluding the Sealift Defendants, their subsidiaries, affiliates, and divisions, and their directors, incorporators, employees, agents, and officers, any entity that has a controlling interest in any Sealift Defendant, any legal representatives, heirs, successors and assignees of the Sealift Defendants, and excluding the State of New York and any other public entity.

46.

The class is or may be objectively defined from ascertainable data such that the Court may conclusively determine class membership to render final judgment. The class is defined as:

> Plaintiffs bring this action in their individual capacity and as a class action on behalf of all foreign nationals who worked as a seafarer aboard the vessels of the Sealift Fleet between July 11, 2006 and the present, more specifically: All foreign nationals, at any time since July 11, 2006, engaged as seafarers, riding gang members, supernumeraries or contract labor to work aboard the M/V HARRIETTE, M/V CAPT STEVEN L. BENNETT, M/V BLACK EAGLE, M/V SSG EDWARD A. CARTER, JR., M/V ADVANTAGE, M/V CAPT DAVID I. LYON, M/V LTC JOHN U.D. PAGE, and the M/V MAJ BERNARD F. FISHER

47.

Plaintiffs are members of the class they seek to represent, and they are able and willing to fairly and adequately protect the interests of the class. Plaintiffs' interests coincide with, and are not antagonistic to, that of the other class members.

48.

The exact number of class members is unknown at this time, but based on information currently available to Plaintiffs, is believed to be so numerous that mass joint or individual actions is impracticable.

49.

Prosecution of separate actions by individuals of the class would create a risk of inconsistent and varying adjudication and would establish incompatible standards of conduct for the party opposing the class.

50.

The class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

51.

The attorneys for Plaintiffs are experienced and capable in litigation involving class actions and maritime claims.

52.

Common questions of law and fact predominate this action and affect the rights of the class members to recover for the causes of action as set forth herein.

53.

The claims of Plaintiffs are typical of the claims of the putative class members. Plaintiffs and all putative class members are claiming wrongfully withheld and unpaid wages and overtime wages duly earned as a result of their working aboard Sealift Vessels. All class members were engaged contrary to the same laws of the United States (repeated violation of 60-day cumulative total set forth in 46 U.S.C. § 8106; they were not allowed or required to sign shipping articles as required by 46 U.S.C. § 10302; and, they did not possess Merchant Mariner documentation as required by 46 U.S.C. § 8701). All class members are claiming wages and overtime rates of pay set from their ports of engagement. 46 U.S.C. § 11107.

54.

Plaintiffs pray for a trial by jury on all issues so triable.

**WHEREFORE,** Eufronio Jollado Baduria and Daniel Llagas, individually and on behalf of other seafarers similarly situated, demand judgment against the Sealift Defendants, and pray for the following relief:

I. That an Order be entered herein certifying and maintaining this action as a class action on behalf of the individuals described in the Complaint above;

II. That an Order be entered herein naming Plaintiffs Eufronio Jollado Baduria, and Daniel Llagas as Class Representatives;

III. Judgment in favor of Plaintiffs, and members of the class as defined herein above, and against all Defendants named herein, *in solido,* finding Defendants in violation of 46 U.S.C. §§ 8106, 8701, and 10302 and liable to Plaintiffs and members of the class as defined herein above pursuant to 46 U.S.C. §§ 11107 and 10313.

IV. Judgment in favor of Plaintiffs, and members of the class as defined herein above, and against all Defendants named herein, *in solido,* for any and all damages alleged in this Complaint, as may be reasonable in the premises in accordance with the law and the evidence, including, but not limited to, full overtime wages pursuant to common law, statutory law and general maritime law; highest rate of pay from their port of engagement; and, delay and penalty wages;

V. Judgment in favor of the named Plaintiffs and the members of the class as defined herein above, against the Sealift Fleet vessels upon which Plaintiffs and the members of the putative class served, and recognizing said maritime lien against said vessel(s) for all unpaid wages, overtime wages, and delay penalty wages pursuant to 46 U.S.C. § 10313.

VI. Judgment granting the named Plaintiffs and the members of the class as defined herein above, legal interest on all awards of damages from date of judicial demand until paid and casting the Sealift Defendants, *in solido,* with all costs of these

proceedings, including legal interest on all court costs paid by Plaintiffs and attorney fees;

VII. Judgment awarding Plaintiffs and the members of the class as defined herein above punitive damages for the continuous, intentional, willful and wanton violations of the United States laws;

VIII. A trial by jury on all issues so triable;

IX. Judgment awarding the named Plaintiffs and the class attorney's fees and court costs; and

X. All other equitable and legal relief, and attorney fees and prejudgment interest, and any other relief the Court may deem appropriate.

Respectfully Submitted:
FOR THE PLAINTIFFS
**TABAK, MELLUSI & SHISHA, LLP**
29 Broadway
New York, New York 10003

BY: ___/s/ Ralph J. Mellusi___
    Ralph J. Mellusi (RJM 9680)
    Jacob Shisha (JS 5452)

And

*Pro Hac Vice:*
**DODSON & HOOKS, LLC**
Richard J. Dodson (LA. Bar No. 4982)
Michael A. Colomb (LA. Bar No. 1035)
Kenneth H. Hooks, III (LA. Bar No. 25097)
H. Price Mounger, III (LA. Bar No. 19077)
112 Founders Drive
Baton Rouge, LA 70810
Telephone: 225-756-0222
Facsimile: (225) 756-0025